IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| SHEA BELCHER, | : | |
| Plaintiff | : | |
| VS. | : | CIVIL ACTION NO.: 5:08-CV-35 (HL) |
| PHILLIP R. WEST, | : | |
| Defendant | : | ORDER |

Plaintiff **SHEA BELCHER**, an inmate confined at Autry State Prison in Pelham, Georgia, has filed a document entitled "Complaint for Breach of Contract."[1] In this complaint, plaintiff alleges that Montgomery County Superior Court Judge Phillip R. West has unlawfully failed to "rebut, express, or address all claims brought forth via [p]laintiff's habeas corpus application."[2] Plaintiff claims that Judge West's failure to "rebut, express, or address" his habeas petition has caused plaintiff to suffer from "unlawful detainment by violation of due process, breach of public trust, and a breach of fiduciary duties." Plaintiff seems to allege that Judge West's failure to "rebut, express, or address" his state habeas application amounts to a breach of Judge West's "contract" to uphold the United States Constitution. Plaintiff seeks 2 million dollars in damages.

---

[1] Plaintiff has not paid the $350.00 filing fee; nor has he filed a motion seeking leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). However, because plaintiff has not paid the filing fee, the Court will assume he desires to proceed *in forma pauperis*. For purposes of this dismissal, the Court will allow plaintiff to proceed without prepayment of the filing fee.

[2] It is unclear whether plaintiff's habeas corpus action is still pending in the Montgomery County Superior Court or whether the superior court has denied his petition for a writ of habeas corpus.

Because plaintiff alleges a violation of his constitutional rights, the Court has construed this action to be a civil rights complaint under 42 U.S.C. § 1983.[3] Initially, the Court notes that venue in this district is improper. The venue provision of 28 U.S.C. § 1391(b) provides in relevant part:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may ... be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ....

The only named defendant resides in Montgomery County, Georgia and the events forming the basis of plaintiff's complaint (Judge West's alleged failure to "rebut, express, or address" plaintiff's state habeas application) occurred in Montgomery County, Georgia. Montgomery County is located in the Southern District of Georgia. Therefore, the Southern District of Georgia is the proper venue for this cause of action, not the Middle District.

28 U.S.C. § 1406(a) provides that if jurisdiction is not proper in a court, that court may transfer the case to another court in which jurisdiction would be proper. However, the court should transfer the case only if doing so is in the interest of justice. A transfer of this case would not be in the interests of justice because plaintiff's suit against Judge West is barred by the doctrine of judicial immunity.

The doctrine of judicial immunity entitles a judge to absolute immunity from damages for actions taken in a judicial capacity unless the action was taken in the "clear absence of all jurisdiction." **Bolin v. Story**, 225 F.3d 1234, 1239 (11th Cir. 2000). Judge West was certainly acting within his "judicial capacity" when dealing with plaintiff's habeas corpus application because the

---

[3]Although plaintiff has entitled his action a "Complaint for Breach of Contract," there is clearly no contract that exists between Judge West and plaintiff.

handling of habeas actions are certainly "a normal judicial function." *Couch v. Cobb County Superior Court*, 874 F. Supp. 1378, 1381 (N. D. Ga. 1995)(quoting *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994)). Moreover, plaintiff filed his habeas application in the Montgomery County Superior Court and Judge West would be within his jurisdiction regarding any action taken in connection with the case. I

In light of the foregoing, the instant action is hereby **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**, this 27th day of February, 2007.

                                              *s/ Hugh Lawson*
                                              HUGH LAWSON
                                              UNITED STATES DISTRICT JUDGE

lnb